PERRY M. GOLDBERG (CA Bar No. 168,976)
PROGRESS LLP
12121 Wilshire Blvd., Suite 810
Los Angeles, CA 90025
Telephone: (310) 697-7200
goldberg@progressllp.com

Attorneys for Plaintiff GENNCOMM, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GENNCOMM, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>JUST PLAY PRODUCTS, LLC (aka, JUST PLAY, LLC), a Delaware Limited Liability Company; DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO. 2:26-cv-03016**<br><br>**GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GennComm, LLC ("GennComm") hereby submits this Complaint for patent infringement against Defendant Just Play Products, LLC (aka, Just Play, LLC) ("Just Play") and DOES 1-10.

## JURISDICTION AND VENUE

1.    This is an action for patent infringement, under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.  This Court has subject matter jurisdiction over GennComm's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

2.    This Court has specific personal jurisdiction over Just Play, LLC because Just Play has established minimum contacts with this forum, purposefully directed its infringing activities at this District, and the claims alleged herein arise out of and relate to those forum-directed activities.

3.    Upon information and belief, Just Play purposefully avails itself of the privileges of conducting business within the State of California and this District by systematically negotiating, executing, and maintaining master licensing agreements with major entertainment and intellectual property companies headquartered in this District, including but not limited to The Walt Disney Company. These localized contractual relationships directly govern the design, approval, and commercialization of the accused products at issue in this litigation.

4.    Upon information and belief, Just Play has purposefully established a global supply chain and distribution network that deliberately targets the lucrative Southern California consumer market. On information and belief, Just Play imported the accused products from overseas manufacturing facilities into the United States through the San Pedro Bay port complex located within this District, and subsequently placed the accused products into an established stream of commerce with the expectation and knowledge that they will be purchased by consumers in this District.

5.    Just Play has committed acts of patent infringement within the State of California and this District by making, using, selling, offering to sell, and/or importing the accused products in violation of 35 U.S.C. § 271. For example, on information and

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

belief, Just Play sold the accused products through major brick-and-mortar retail locations and regional e-commerce distribution centers throughout this District.

6. In addition, upon information and belief, Just Play maintains a permanent corporate office in this District, in El Segundo, California. Upon information and belief, this location serves as a regular and established place of business where Just Play employs personnel, including product designers, brand managers, and licensing directors, who are directly involved in the ongoing design, marketing, and commercialization of the accused products.

7. Venue is proper within this judicial district under 28 U.S.C. § 1400(b) because Just Play has committed acts of infringement in this district and has an established place of business in this district.

## NATURE OF ACTION

8. GennComm asserts that Just Play and DOES 1-10 have willfully infringed upon GennComm's United States Patent No. 10,596,475 (the "'475 Patent").

## THE PARTIES

9. GennComm is a limited liability company organized and existing under the laws of the State of California and is headquartered in Los Angeles County.

10. On information and belief, Just Play is a limited liability company organized and existing under the laws of the State of Delaware and is headquartered in Florida, but with a place of business in Los Angeles County.

11. GennComm does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1-10, inclusive. GennComm therefore sues them by use of fictitious names. GennComm is informed and believes that Doe Defendants 1 through 10 are affiliated in some manner with Just Play and have direct, contributory, or vicarious responsibility for the wrongful act as alleged herein. GennComm will amend this pleading appropriately once the true names and capacities of the Doe Defendants 1-10 are learned. As used below with

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

respect to GennComm's patent infringement counterclaims, the term "Just Play" shall collectively refer to named defendant Just Play together with the DOES 1-10.

## PATENTS-IN-SUIT

12.   U.S. Patent No. 10,596,475 (the "'475 Patent") was duly and legally issued on March 24, 2020 by the United States Patent and Trademark Office and is owned by GennComm. The '475 Patent is entitled "Plush Stuffed with Molded or Sculpted Foam."

## BACKGROUND

13.   GennComm is a product development company specializing in the toy industry.  Recognizing the "squishy" trend in the toy industry, GennComm developed a concept for a plush toy filled with a character-shaped, slow-rise foam.  GennComm called the concept "Pop Up Plush™."

14.   GennComm was aware that Just Play was a very successful company in the toy industry, including the holder of the master plush toy agreement with Disney. GennComm believed Just Play would recognize the concept's value and would be able to make it a huge success.

15.   GennComm shared its concept with Just Play in 2017 but Just Play declined to enter into any commercial arrangement relating to the concept. At the time, and as Just Play was well aware, GennComm did not have any issued patents.

16.   After Just Play turned down the opportunity, GennComm entered into an agreement with Beverly Hills Teddy Bear Company ("BHTB") regarding the concept. BHTB launched several lines comprising character-shaped memory-foam covered in plush. The toys, mostly sold as "Squeezamals®," were a huge success.

## COUNT I

### (Infringement of the '475 Patent)

17.   GennComm repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in the foregoing paragraph.

18.   Just Play has infringed and continues to infringe one or more claims of the '475 Patent, including but not limited to exemplary claim 2, pursuant to 35 U.S.C. section

271(a), at least by without authority offering to sell and/or selling the product within the United States or importing that product into the United States.

19. Claim 2 of the '475 Patent, which incorporates the limitations of Claim 1, claims the following:

"A plush toy comprising:

a foam inner formed into a first shape comprising a compressible foam material having an outer surface, the foam inner having a natural size when unconstrained;

a flexible outer covering having a second shape aligned with the first shape of the foam inner and entirely surrounding the foam inner and having an unconstrained size smaller than the natural size of the foam inner, the outer covering having an inner surface for contacting the foam inner, and an outer surface;

the plush toy having

a first uncompressed form with a natural size and shape wherein the inner foam is at least partially compressed and constrained by the outer covering and does not achieve its natural size; and

a plurality of compressed forms smaller than the unconstrained forms;

wherein when the plush toy is compressed to a one of the compressed forms, upon release the foam inner expands back toward its unconstrained size and the plush toy thereby expands to the uncompressed form with the natural size and shape of the plush toy.

wherein the foam inner is compressible to at least 33% of the natural size.

20. The Just Play products sold under "Squeeze me!" and "Squash me!" (collectively, the "Just Play Products") meet each of the limitations of exemplary Claim 2.

21. The Just Play Products are each a plush toy comprising a foam inner, specifically, polyurethane foam.

22. The foam is formed into a character shape.

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

23.   The foam is compressible, has an outer surface, and has a natural size when unconstrained.

24.   The Just Play Products each have a flexible outer covering shaped to and aligned with the character shape of the foam inner and entirely surrounding the foam inner and having an unconstrained size smaller than the natural size of the foam inner.

25.   The outer covering has an inner surface for contacting the foam inner, and an outer surface.

26.   The Just Play Products each have a first uncompressed form with a natural size and shape wherein the inner foam is at least partially compressed and constrained by the outer covering and does not achieve its natural size; and a plurality of compressed forms smaller than the unconstrained form.

27.   When the Just Play Products are compressed to one of the compressed forms, upon release the foam inner expands back toward its unconstrained size and the plush toy thereby expands to the uncompressed form with the natural size and shape of the plush toy.

28.   The foam inner of Just Play Products can be compressed to at least 33% of its natural size.

29.   On information and belief, Just Play has been well aware of GennComm's '475 Patent since the date the patent issued (March 24, 2020).

30.   Just Play's conduct constitutes willful infringement.

31.   GennComm is entitled to damages in accordance with 35 U.S.C. sections 271, 281, 284 and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff GennComm, LLC prays for relief as follows:

1.   That the Court declare that Just Play has infringed the '475 Patent;

2.   That the Court award damages adequate to compensate GennComm for Just Play's infringement;

3.   That the Court award prejudgment and post-judgment interest;

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

4.     That the Court order an accounting of all infringing sales and other infringing acts by Just Play, and an order compelling an accounting for infringing acts not presented at trial and an award by the Court of additional damages for such acts;

5.     That the Court declare that Just Play's infringement of the '475 Patent has been willful;

6.     That the Court deem this to be an exceptional case as defined by 35 U.S.C. section 285;

7.     That the Court award GennComm its reasonable attorneys' fees;

8.     That the Court award GennComm its costs of suit; and

9.     That the Court award GennComm such further relief as the Court deems just and proper.


                                          Respectfully submitted,


DATED: March 20, 2026          By:    /s/ Perry Goldberg
                                      PERRY GOLDBERG (CA Bar No. 168,976)
                                      PROGRESS LLP
                                      12121 Wilshire Blvd., Suite 810
                                      Los Angeles, California 90025
                                      Telephone: (310) 697-7200
                                      goldberg@progressllp.com

                                      Attorneys for Plaintiff GennComm, LLC

6

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38- Plaintiff GennComm, Inc. hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

DATED: March 20, 2026      By:   /s/ Perry Goldberg
                                 PERRY GOLDBERG (CA Bar No. 168,976)
                                 PROGRESS LLP
                                 12121 Wilshire Blvd., Suite 810
                                 Los Angeles, California 90025
                                 Telephone: (310) 697-7200
                                 goldberg@progressllp.com

                                 Attorneys for Plaintiff GennComm, LLC

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT